JOHN GUPTAIL *et al.*, Plaintiffs in Error, *v.* JONATHAN TEFT, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

An overseer of highways, in an action of trespass against him, cannot justify his trespass by showing an order from the commissioners to open a road, where a road or highway has not been legally laid out.

Commissioners of highways, and those acting under them, must show that a case existed which justified the order issued by them.

DECLARATION in trespass, *quare clausum fregit*, for breaking and entering a certain close, in the town of Hanover, in said county of Cook, situate on section 31, and breaking down, prostrating and destroying 300 rods of fencing; and breaking the boards, rails and posts; and destroying the lumber whereof the same was made; and trampling down the herbage, etc. Damages, $1,000.

PLEAS. 1. General issue. 2. The following special pleas:

And the said defendant, John Guptail, for further plea in this behalf, by leave, etc., says plaintiff *actio non*, because, he says, that the said close in said declaration mentioned, is situate at and within road district number ten (10), in the town of Hanover, in the said county of Cook; that the said town was, at the time when, etc., organized under the act of the General Assem-

bly of the State of Illinois, approved Feb. 17th, A. D. 1851, entitled " An act to provide for township organization ; " that on the 10th day of June, A. D. 1854, Andrew Spitser, S. N. Campbell, and Christophe Sohle, were commissioners of highways in said town of Hanover, duly elected and qualified, and then and there, by virtue of their said office, and according to the force of the statute aforesaid, had the care and superintendence of the highways and bridges in said town, with power to lay out new highways, and to regulate and alter preëxisting highways in said town, and cause the same to be repaired, kept open and free from obstructions ; that on the said tenth day of June, the said defendant was overseer of highways in said road district number ten (10), in the said town of Hanover, duly chosen and qualified as such ; that it then and there became, and was, the duty of this defendant, as overseer of highways, to open new highways, and remove all obstructions to preëxisting highways, within his said district, when thereunto required by the said commissioners of highways ; that on the said tenth day of June, the said commissioners of highways made and delivered to this defendant an order, in the words and figures following, to wit :

" *To John Guptail, Overseer of Road District No.* 10, *Town of Hanover :*

HANOVER, June 10, 1854.

SIR :—Complaint having been made to the commissioners of highways in and for the town of Hanover, Cook county, that the highway running on the line between the sections thirty (30) and thirty-one (31), is obstructed by a fence owned by Jonathan Teft, senior ; and he having been legally notified to remove the same, and not having complied, you are hereby ordered by the undersigned, commissioners of highways for the town of Hanover aforesaid, to remove, or cause the same to be removed, said fence within twenty days after the receipt of this order.

ANDREW SPITSER, } *Commissioners*
CHRISTOPHE SOHLE, } *of Highways.*"
S. N. CAMPBELL, }

And the said defendant avers, that the said highway described in said order was the same identical close in the said declaration mentioned, the said close being then and there, part and parcel of an inclosed field ; and the said defendant further avers, that in obedience to said order, he did at the time when, etc., break and enter upon the close, in the said order, and in the said plaintiff's declaration mentioned, and pull down the said fence of the said plaintiff, and remove the same from off the said close or highway, as he lawfully might do, for the cause aforesaid ; and in so doing, he, the said defendant, with feet, in walking did a little injure the herbage and grass, corn and grain then standing and growing upon the said close, and did a little break the boards,

rails and posts of which said fence was erected, doing then and there no unnecessary damage to the said plaintiff, which are the same supposed trespasses in the said declaration mentioned, and this defendant is ready to verify, etc. Wherefore, he prays judgment, etc.

And the said defendants, Guy Adams and Shepherd Spaulding, for further plea in this behalf, by leave, etc., say plaintiff *actio non*, because they say that the said close in the said declaration mentioned, is situate at and within road district number (10) in the town of Hanover, in said county of Cook ; that said town was, at the time when, etc., organized under the act of the General Assembly of the State of Illinois, approved February 17th, A. D. 1851, entitled "An act to provide for township organization," that on the tenth day of June, A. D. 1854, Andrew Spitser, S. N. Campbell and Christophe Sohle, were commissioners of highways in the said town of Hanover, duly elected and qualified, and then and there by virtue of their said office, and according to the form of the statute aforesaid, had the care and superintendence of the highways and bridges in said town, with power to lay out new highways and to regulate preëxisting highways in said town, and cause the same to be repaired, kept open and free from obstructions ; that on the said tenth day of June, the said defendant, John Guptail, was overseer of highways in said road district number ten (10), in the said town of Hanover, duly chosen and qualified as such ; that it then and there became, and was, the duty of the said defendant, John Guptail, as overseer of highways, to open new highways and remove all obstructions to preëxisting highways within his said district, when thereunto required by the said commissioners of highways ; that on the said tenth day of June, A. D. 1854, the said commissioners of highways made and delivered to the said defendant, John Guptail, an order in the words and figures as follows, to wit :

" *To John Guptail, Overseer of Road District No.* 10, *Town of Hanover :*

HANOVER, June 10, 1854.

SIR : Complaint having been made to the commissioners of highways in and for the town of Hanover, Cook county, that the highway running on the line between section thirty (30) and thirty-one (31), is obstructed by a fence owned by Jonathan Teft, senior, and he having been legally notified to remove the same, and not having complied, you are hereby ordered by the undersigned, commissioners of highways for the town aforesaid, to remove, or cause the same to be removed, said fence within twenty days after receipt of this order.

ANDREW SPITSER,
CHRISPOPHE SOHLE,　} *Commissioners*
S. N. CAMPBELL,　　　} *of Highways.*"

And the said defendants aver that the said highway described in said order, was the same identical close in the said declaration mentioned, the said close being then and there part and parcel of an inclosed field; and the said defendants further aver, that they were male inhabitants of the said town of Hanover, and of the said road district number ten (10), over the ages of twenty-one years and under the ages of fifty years, and as such, bound by law to render road labor in said district when thereunto required by the overseer of highways, at least two days in each and every year; and the said defendants aver, that after the receipt of said order by the said defendant, John Guptail, he, the said John Guptail, so being overseer of highways in the said road district number ten (10), notified and requested these defendants to aid and assist him in the execution of the said order; and these defendants aver that the said John Guptail, under and by virtue of the order aforesaid, and these defendants under the command and authority of the said John Guptail, as aforesaid, did, at the said time when, etc., break and enter upon the close in the said order, and the said plaintiff's declaration mentioned, and pull down the said fence of the said plaintiff, and remove the same from off the said close or highway, as they lawfully might do, for the cause aforesaid, and in so doing, they, the said defendants, with feet, in walking, did a little injure the herbage and grass, and corn and grain, then standing and growing upon the said close, and did a little break the boards, rails and posts, of which said fence was erected, doing then and there no unnecessary damage to the said plaintiff, which are the same identical supposed trespasses in the said declaration mentioned, and this the said defendants are ready to verify, etc. Wherefore they pray judgment, etc.

Plaintiff demurred to each of the said special pleas, in which defendants respectively joined.

Interlocutory judgment upon demurrer for plaintiff, general issue withdrawn, jury empanneled assessed the plaintiff's damages, $160. Final judgment.

ERROR ASSIGNED. In sustaining plaintiff's demurrer to the said defendants' pleas.

Cause tried before J. M. WILSON, Judge, and a jury, at February term, 1855.

BLACKWELL, BALLINGALL and UNDERWOOD, for Plaintiffs in Error.

FARNSWORTH and BURGESS, for Defendant in Error.

CATON, J.   We are of the opinion that the demurrer to the two special pleas was properly sustained by the court below. They justify the trespass complained of, under an order issued by the commissioners of the town of Hanover, directing the defendant, Guptail, who was overseer of highways, to open a public highway on the line between sections 30 and 31, in that town, but they nowhere show that there was a legally laid out highway there.   Unless there was such highway there, the commissioners of highways had no authority to order a road to be opened.   They had no jurisdiction to act in the premises, and their order to the defendant was a simple nullity, conferring upon him no authority whatever.   Only in such a case does the statute authorize them to issue such an order.   Upon the argument, an attempt was made to liken this order to a writ issued by a court of justice, which, if regular upon its face, and emanating from a court having authority to issue such writs, is a justification to a ministerial officer who executes it, although in fact it is issued in a case not warranting it.   In such a case, the ministerial officer is not bound to go behind the writ and inquire into the regularity of the previous proceedings.   Were the cases analagous, the argument would be conclusive; but they are not. The commissioners of highways do not constitute a court in any sense, although some portion of their duties may be of a judicial character.   Yet this is so in a very limited sense, and the duty in question was not of that character.   Not only the commissioners themselves, but others who would seek a justification under their orders, must take the responsibility of showing that a case existed which justified them in issuing their order.

This the pleas do not show, and the judgment must be affirmed.

*Judgment affirmed.*